IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**AMIE CREEL**                                                                                                  **PLAINTIFF**

**v.**                                                                               Civil No. 2:21-cv-00039-HSO-BWR

**COMMISSIONER OF SOCIAL
SECURITY**                                                                                                  **DEFENDANT**

**ORDER OVERRULING PLAINTIFF'S OBJECTION [24], ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [23],
DENYING PLAINTIFF'S MOTION [17] FOR SUMMARY JUDGMENT,
AFFIRMING DECISION OF COMMISSIONER, AND DISMISSING
PLAINTIFF'S COMPLAINT [1]**

BEFORE THE COURT is United State Magistrate Judge Bradley W. Rath's Report and Recommendation [23], which recommends affirming the final decision of the Commissioner of the Social Security Administration which denied Plaintiff Amie Creel's application for Disability Insurance Benefits and Supplemental Security Income. R. & R. [23] at 1. Plaintiff has filed an Objection [24] to the Report and Recommendation [23].

After due consideration of the Report and Recommendation [23], the submissions of the parties, the record as a whole, and all relevant legal authority, the Court finds that Plaintiff's Objection [24] should be overruled, that the Report and Recommendation [23] should be adopted, that Plaintiff's Motion [17] for Summary Judgment should be denied, that the decision of the Commissioner should be affirmed, and that Plaintiff's Complaint [1] should be dismissed with prejudice.

1

I. BACKGROUND

On March 19, 2021, Plaintiff Amie Creel ("Plaintiff") filed a Complaint [1] asserting that the denial of her application for Social Security Disability Insurance Benefits and Supplemental Security Income was "not supported by substantial evidence on the entire record and fail[ed] to apply the proper legal standards." Compl. [1] at 2. Plaintiff requests the Court to reverse or remand the decision denying her benefits. *Id.* Defendant Commissioner of Social Security ("Defendant") filed an Answer [10] on September 13, 2021, stating that "Plaintiff has not shown that remand or modification is warranted under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)." Answer [10] at 3. Defendant has also submitted the Administrative Record [11], [12], [13], [14], [15].

Plaintiff filed a Motion [17] for Summary Judgment on October 13, 2021, along with a supporting Memorandum [18]. In her Motion [17], she argues that her waiver of her right to counsel in the Social Security hearing before the Administrative Law Judge ("ALJ") "was not knowingly and intelligently effected because the ALJ did not orally notify [her] of the various factors of representation enumerated by the Court." Mem. [18] at 1. She points to a statement she made at the hearing as evidence that "she [did] not understand or appreciate the ways in which a representative may aid in her case." *Id.* at 8. During the hearing, the ALJ

asked whether Plaintiff wanted to proceed without counsel present and the following colloquy occurred:

> **ALJ**: Now, ma'am, you don't have a representative. Is there any particular reason why you don't have a representative?
>
> **Plaintiff**: No, sir, I just didn't – [inaudible], and the problems that I'm having, and not being able to [inaudible], I mean –
>
> **ALJ**: All right. But, you know you were already turned down twice to get disability benefits. I assume you were on your own on those occasions when you tried to get benefits through Disability Determination Services. They found that you had the capacity to work, and under our rules if you can work, we're not going to find you disabled.
>
> I'm not trying to – I'm trying to – I mean, if you want to proceed without a representative, you have every right to do so, but I have to make sure you understand that you have that right, and that even though you can seek to have a representative, you want to go forward on a hearing without one.
>
> **Plaintiff**: Yes, sir, I do because I just needed to see a doctor. I didn't know that I could see a doctor to inform me that I was having – I had documentation when I went in, and they talked to me about needing surgery, and everything.
>
> **ALJ**: Okay. All right. I can get into that with you during the course of the hearing.

R. [14] at 19-20. Plaintiff argues that her statements indicate that she did not understand the benefits of representation. Mem. [18] at 8.

Plaintiff claims that her lack of representation has prejudiced her because the ALJ did not have access to additional treatment records that counsel would have been able to obtain. *Id.* at 11. These new records note "very limited pain relief from ongoing epidural injections, several instances of Plaintiff falling," and "limitation of plantar flexion." *Id.* at 11-12. Further, the records include a July

3

2018 MRI showing disc protrusion at L4/L5 and L5/S1 with nerve impingement on the left side. *Id.* at 12.

Defendant responds that Plaintiff received "adequate notice of her right to counsel" in the form of "at least three written notices that informed Plaintiff before the hearing of her right to representation (in a notice of reconsideration, a letter acknowledging Plaintiff's request for a hearing, and a notice of hearing)." Br. [20] at 4 (citing R. [11] at 43, 48-49; R. [14] at 112, 122, 125-28). Defendant also points to a pre-hearing telephone call made by the hearing office, during which Plaintiff was informed of her right to counsel. *Id.* (citing R. [14] at 244). In light of these notices and the ALJ's reminder at the hearing, Defendant contends that Plaintiff knowingly and intelligently waived her right to counsel by choosing to proceed at the hearing. *Id.* at 5. Further, Defendant asserts that Plaintiff has not demonstrated any prejudice because the additional records do not indicate any functional limitations exceeding the ALJ's determination. *Id.*

In rebuttal, Plaintiff argues that her statement at the hearing that she "just needed to see a doctor" demonstrated her lack of understanding "of the real nature of the ALJ's question and implicitly begs for a direct and clear explanation of the factors of representation in such hearings." Reply [21] at 1-2. As additional proof of prejudice, Plaintiff also notes that she could not review the record prior to the hearing and that counsel would not have proceeded with a hearing without conducting such review. *Id.*

On August 8, 2022, the Magistrate Judge entered a Report and

4

Recommendation [23], recommending that the Court affirm the decision of the Commissioner. R. & R. [23] at 1. The Report and Recommendation concluded that Plaintiff received adequate notices of her right to counsel and validly waived that right when she chose to go forward with the hearing. *Id.* at 14. The Magistrate Judge also found that Plaintiff has not shown prejudice because she did not demonstrate how the additional records would have changed the ALJ's determination. *Id.* at 15-16.

On August 22, 2022, Plaintiff filed an Objection [24] to the Report and Recommendation [23]. She argues that the pre-hearing notices she received were insufficient evidence of a knowing waiver of counsel in her case. Obj. [24] at 2. Instead, she claims that, for a waiver to be valid, an ALJ must inform a claimant of the specific benefits of representation when her statements at the hearing indicate that "she did not understand the various elements of representation, including the ways in which representation may be helpful to her case." *Id.* Plaintiff also states that the additional evidence may have "impact[ed] the severity assigned to the impairments already found which then impacts limitations like allowable time for standing and walking during the 8 hour work day." *Id.* at 3.

## II. DISCUSSION

A. Standard of review

Because Plaintiff has filed an Objection [24] to the Report and Recommendation [23], this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

5

objection is made." 28 U.S.C. § 636(b)(1). A court does not need to make new findings of fact or reiterate the findings and conclusions of the magistrate judge in order to conduct a de novo review. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

To the extent Plaintiff does not object to portions of the Report and Recommendation [23], the Court need not conduct a de novo review of those portions and instead should apply a clear error or contrary to law standard. 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.  Analysis

Plaintiff specifically objects to the Report and Recommendation's [23] conclusions that her waiver of counsel was valid and that she has not shown prejudice due to her lack of counsel.

1.  Plaintiff validly waived her right to counsel

Claimants have a statutory right to counsel at a Social Security hearing for Disability Insurance Benefits and Supplemental Security Income. 42 U.S.C. § 406; *see also* 20 C.F.R. §§ 404.971, 416.1505, 416.1506. In order to validly waive that right, a claimant must first receive notice of "all of the important facts touching upon her right to, and opportunity to have free representation at the hearing." *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. Unit B July 1981). Adequate notice requires informing a claimant of (1) the possibility of free legal representation and (2) that the fee cannot exceed twenty-five percent of the amount of benefits owed. *See id.* Written notice given prior to a hearing, accompanied by a reminder at the

6

hearing itself of the right to counsel, suffice to inform a claimant of her right. *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003). However, prior notices can be inadequate if the ALJ misleads the claimant or otherwise discourages her from exercising her right. *See Johnson v. Astrue*, 326 F. App'x 737, 739 (5th Cir. 2009) (per curiam) (holding that a waiver was invalid where "the ALJ effectively discouraged [the claimant] from exercising [his] right by clearly rejecting that counsel would do anything beneficial at the hearing").

Plaintiff received several written notices prior to her hearing which informed her of her right to counsel. *See* R. [11] at 43, 48-49; R. [14] at 112, 122, 125-28. These notices stated that "[m]any representatives charge a fee only if you receive benefits" and that "[o]thers may represent you for free." R. [14] at 122. Another notice, entitled "Your Right to Representation," described the role of a representative and the rules surrounding any fees charged, including that Social Security would have to approve any fee and that approval requires the agreed-upon fee to be "no more than 25 percent of past-due benefits or $6,000, whichever is less." *Id.* at 124-25. Plaintiff also received a two-page document listing organizations that could assist her in possibly obtaining free legal representation. *Id.* at 127-28. The pre-hearing telephone call Plaintiff had with the hearing office also reminded her of her right to representation, and she "affirmed understanding of that information." *Id.* at 244. Altogether, Plaintiff received the required pre-hearing information to make a knowing and intelligent waiver as Defendant informed her of her right to

7

counsel, the possibility of free representation, and the limits on any fees charged. *See Clark*, 652 F.2d at 403; *Castillo*, 325 F.3d at 552.

Plaintiff does not dispute that she received this information, but she contends that her waiver was nevertheless ineffective in light of her statements made at the hearing. Obj. [24] at 2. She maintains that, by stating she wanted to proceed without representation because she had seen a doctor regarding her disability, she demonstrated that she did not understand the benefits of representation. *Id.*; R. [14] at 20. Plaintiff states that "waiver of representation is not reasonably justified by a person in light of needing to see a doctor," and, upon hearing her rationale for proceeding, the ALJ should have clarified the role of a representative to ensure she understood her rights. Obj. [24] at 2.

Plaintiff compares her case to *Clark*, where the Fifth Circuit held that a waiver of counsel was ineffective. *See id.*; *Clark*, 652 F.2d at 403-04. In *Clark*, the pretrial notice received by the claimant failed to notify her of the possibility of free representation. 652 F.2d at 403. At the hearing, after the ALJ asked Clark whether she wanted to proceed without representation, Clark stated that she "d[idn't] have any money to get one." *Id.* The ALJ continued with the hearing without acknowledging the existence of free legal services. *Id.* Thus, the Fifth Circuit concluded that the claimant in *Clark* received no notice, either before or at the hearing, of the possibility of free representation. *Id.* at 403-04.

Plaintiff's central complaint regarding her hearing is that the ALJ lacked some medical records and that she could not review her file, and she argues that

8

having counsel could have avoided these problems. *See* Obj. [24] at 2-3. Unlike *Clark*, Plaintiff received multiple notices of her rights to representation, *see* R. [11] at 43, 48-49; R. [14] at 112, 122, 125-28, including a notice that informed her that a representative could help her to obtain "information from [her] Social Security file" and "medical records or informa-tion [sic] to support [her] claim." R. [14] at 125. Consequently, Plaintiff was informed that a representative could assist her in gathering her records and reviewing her file.

Further, the ALJ did not discourage Plaintiff from exercising her right to counsel. *Cf. Johnson*, 326 F. App'x at 739 (describing an invalid waiver when the ALJ stated that "[t]he best lawyer in Louisiana can't take a bad case and make a good one" and "[t]he worst lawyer in Louisiana can't take a good case and make a bad one"). Instead, the ALJ reminded Plaintiff at the hearing that Plaintiff had already been turned down twice while unrepresented, implying that having representation could bolster her case. R. [14] at 20. Regarding Plaintiff's ability to review records, the ALJ told her how she could benefit by reviewing her file and reiterated that Plaintiff had the right to choose whether to proceed with the hearing:

> **ALJ**: Because you have a right to look at your file before the hearing. That way you can see what's in there, you may have a problem, you may have an objection to some of the evidence in your file, okay? And you may want to tell me about any objection you have.
>
> Also, you could look at your file and say, Judge, you know, I've been to this place, that place for medical examinations, and treatment, but it's not in the file, and then we'll help you get those records. Do you see what I'm saying?

9

**Plaintiff**: Yes, sir, I don't have no computer. All I have is my cell phone, sir.

**ALJ**: Well, I could do one of two things. I can hold off on making a decision until such time as we can make your file available to you to review, okay, and you're absolutely entitled to that, and I'll hold off on making a decision until we're able to in one way or another make your file accessible to you so you can review it, okay.

On the other hand, you may not feel that it's that important to you, and that when I have the evidence, and I'm ready to make a decision, I can go ahead and make a decision. Which one would you like me to do?

Would you like me to hold off on making a decision until you are able to review your file, or that doesn't matter to you, whenever I'm ready to make a decision to just go ahead and make a decision?

**Plaintiff**: Is there a way I can review it other than the computer? Is there like you can send me paper documents, or something, because I don't have no way to review the CD that you all have sent me.

**ALJ**: No, I understand. You know, we're sending files to people by email, but you said you don't have a computer, so, I guess, you don't have an email address where we can send your file?

**Plaintiff**: Yes, sir, I do have an email on my cell phone.

* * *

**ALJ**: Okay. You know, we can send records, Ms. Creel, to email addresses. I don't know how big your – the capacity of your cell phone is, whether it will receive the records. I don't know how much space it would take up. We can try to do that.

And I will say this also, you know, a cell phone is kind of small, and trying to read things, you can do it, but it just makes it a little bit more difficult to read things. Do you understand what I'm saying?

**Plaintiff**: Yes, sir.

**ALJ**: But I would leave that up to you.

**Plaintiff**: [inaudible] with it?

**ALJ**: Ma'am?

> **Plaintiff**: Do you want to just go ahead and do the judgment because, I mean –
>
> **ALJ**: No, don't ask me. No, no, no, it's not my choice to make; it's your choice to make, you know.
>
> \* \* \*
>
> **Plaintiff**: Let's just go ahead and get it done.
>
> **ALJ**: All right. You're saying if assuming you don't – you're not able to look at your file, I can still go ahead and make a decision?
>
> **Plaintiff**: Yes, sir.

*Id.* at 21-24. This dialogue reveals the ALJ's efforts to remind Plaintiff of her rights and to explain the benefits of having all the medical records. After being told this information, Plaintiff said that she wanted the ALJ to go forward and make his decision. *See id.* at 24.

In sum, Plaintiff was notified of important facts regarding her right to representation prior to the hearing and the ALJ further indicated that she would benefit from obtaining counsel and ensuring that the record was complete. Plaintiff received the necessary information to make a knowing and intelligent waiver of her right to counsel. With this information, Plaintiff decided to proceed with the hearing. She validly waived her right to counsel. *See Castillo*, 325 F.3d at 552 (holding that "the numerous written notices [the claimant] received—along with the ALJ's reminder to [her] at the hearing of her right to counsel—sufficiently informed her of her right to an attorney, and that she validly consented to proceed without representation").

11

2. <u>Plaintiff has not demonstrated prejudice</u>

Even if Plaintiff's waiver was invalid, she would still need to demonstrate that the absence of counsel prejudiced her at the hearing. *Id.* "To establish prejudice, a claimant must show that [she] 'could and would have adduced evidence that might have altered the result.'" *Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996) (quoting *Kane v. Heckler*, 731 F.2d 1216, 1220 (5th Cir. 1984)). The ALJ found that Plaintiff has "residual functional capacity" limited to "sedentary work with postural and manipulative limitations." R. [11] at 29. Plaintiff raises two arguments to claim prejudice.

a. <u>Additional medical records</u>

First, Plaintiff argues she has additional medical records that an attorney would have obtained and introduced into evidence. Obj. [24] at 3. She suggests that these records could have affected the result by providing additional information about her lack of pain management and the severity of her impairments. *Id.* Despite Plaintiff's contentions, the Court finds that these records add little information beyond that already provided to the ALJ and likely would not have altered the result.

Plaintiff claims her newly adduced records show limited pain relief from epidural injections, "increasing instances of Plaintiff falling with weakness in both legs, limitations in spinal range of motion, tenderness to palpation on her back with trigger points, MRI indicating muscle spasms, and MRI showing disc protrusions with nerve impingement and left-sided sciatica." *Id.*; *see generally* R. [12], [13].

These records are largely duplicative of the medical records that the ALJ had already received which demonstrated these conditions. The records before the ALJ noted that her doctors had used various injections in treatment but "[s]he did not get any relief with those injections" and that "[h]er legs are getting weaker due to numbness." R. [15] at 76. The record further included information from a November 14, 2019, MRI of Plaintiff's spine which showed degenerative disc disease, disc bulges, and suggested muscle spasms. *Id.* at 84-90. There is also a report noting a previous MRI showing "sciatic nerve compression" and an exam saying Plaintiff had "moderate L5-S1 degenerative disk disease" and "mild to moderate L3-4 and L4-5 and moderate to severe L5-S1 hypertrophic facet arthropathy." *Id.* at 31, 37. Other medical evaluations stated that she had "tenderness to palpation over bilateral cervical paraspinals." R. [14] at 81. Plaintiff herself noted her increased falling at the hearing, testifying that she has "little fainting spells," *id.* at 35, and that she "fell quite a few times that [her] leg just gave out," *id.* at 39. With this information already included in the record before the ALJ, Plaintiff's added evidence would likely only have supported the ALJ's conclusion.

      Plaintiff's argument that the added evidence would have impacted the severity of the impairments found by the ALJ falls short in light of the ALJ's stated reasons for finding that her claims of debilitating symptoms were not supported by the record. *See* Obj. [24] at 3; R. [11] at 29. The ALJ noted that Plaintiff "described daily activities, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." R. [11] at 29. He pointed to her

13

statements that "she is able to self-care, perform household chores, prepare meals, takes care of her dog, walks, shops, and manages her finances." *Id.* The proffered evidence likely would not have outweighed Plaintiff's own description of her daily activities in determining her limitations.

b.   <u>Lack of knowledge of the record's contents</u>

Second, Plaintiff contends that "an attorney would not go forward in a hearing without any idea what records were being offered for introduction into evidence by the ALJ," while Plaintiff, due to her lack of representation, decided to proceed and, consequently, "[s]he was unable to complete the record." Obj. [24] at 3. This argument overlooks the ALJ's independent duty to adequately develop the record which serves as an existing protection for unrepresented claimants. *See Brock*, 84 F.3d at 728 ("When a claimant is not represented by counsel, the ALJ owes a heightened duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" (quoting *Kane*, 731 F.2d at 1219-20)). Plaintiff has not argued that the ALJ breached this duty, *see generally* Obj. [24]; Mem. [18], and any argument that the ALJ failed to adequately develop the record would not succeed given that the additional evidence adduced by Plaintiff is duplicative of information the ALJ already had in his possession, *see Brock*, 84 F.3d at 728-29 & n.1 (noting that claims of ineffective waiver of counsel and an ALJ's failure to develop the record require proof of evidence that would alter the result).

In conclusion, based on a de novo review of the record, the Court finds that Plaintiff's Objection [24] to the Report and Recommendation [23] should be

overruled. Regarding any portions of the Report and Recommendation to which Plaintiff did not object, the Court has conducted the necessary review and concludes they are neither clearly erroneous nor contrary to law.

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Amie Creel's Objection [24] to the Report and Recommendation [23] is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Magistrate Judge's Report and Recommendation [23], entered in this case on August 8, 2022, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Amie Creel's Motion [17] for Summary Judgment is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**, and this civil action is **DISMISSED WITH PREJUDICE**. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 30th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE